UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RORY L. MICKENS et al.,

                Plaintiffs,

    v.

JAY INSLEE,

                Defendants.

CASE NO. 3:20-cv-05259-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JULY 17, 2020

Plaintiffs, over 30 prisoners housed at Stafford Creek Corrections Center ("SCCC") proceeding *pro se*, filed a proposed civil rights complaint ("complaint") under a single cause of action. Dkt. 1-1. Plaintiffs allege violations of their constitutional rights related to the SCCC kitchen sanitation and cleaning procedures. Dkt. 1-1. Plaintiffs also allege violations of their right to access to the courts, deprivation of property, and conspiracy. Dkt. 1-1.

On April 29, 2020, the Court ordered plaintiffs to show cause why all but the first named plaintiff (Mickens) should not be dismissed. Dkt. 55. The Court now finds that plaintiffs would not be disadvantaged by filing separate lawsuits, and in fact, doing so would alleviate many of

the procedural challenges inherent in multi-plaintiff cases. Accordingly, the Court recommends that all but the first named plaintiff (Mickens) be dismissed without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs pursuant to Federal Rule of Civil Procedure 21.

**BACKGROUND**

Much of the pertinent background appeared in the Court's April 29, 2020 order:

> Plaintiffs initiated this lawsuit on March 17, 2020. Dkt. 1-1. Only plaintiff Mickens, the first named plaintiff, filed a motion for leave to proceed *in forma pauperis.* Dkt. 1. On March 24, 2020, the Clerk's Office sent letters to all plaintiffs notifying them of the IFP deficiencies and directing them to either submit the full $400.00 filing fee or file an application to proceed IFP. *See* Dkts. 2-36, 44.
>
> Plaintiffs allege that due to the removal of the SCCC dishwasher and implementation of a new three-tank dish cleaning process, the eating utensils (trays, sporks, and cups) have not been properly cleaned. Dkt. 1-1 at 8-11. Plaintiffs allege that they were forced to ingest harmful pesticide sanitizer and that some plaintiffs had resulting health issues including vomiting and diarrhea. Dkt. 1-1 at 8-11. Plaintiffs allege that the SCCC kitchen cleaning process spreads contagious viruses including the novel "Coronavirus" or "COVID-19". Dkt. 1-1 at 15.
>
> Plaintiffs also allege that defendants destroyed portions of plaintiffs' legal records and files. *Id.* at 13. Plaintiffs allege that defendants prevented them from working together to litigate legal actions against prison officials. *Id.* at 13. Plaintiffs seek injunctive relief and monetary damages. Dkt. 1 at 94.

Dkt. 55 at 2.

The Court ordered plaintiffs to show cause why all but the first named plaintiff (Mickens) should not be dismissed without prejudice. Dkt. 55. Plaintiffs were advised that if any plaintiff failed to timely respond to the order or filed a response indicating that he does not wish to further participate in this action, this would result in a recommendation that the withdrawing or non-responding plaintiff be dismissed from this action. Dkt. 55 at 7-8.

On May 28, 2020, plaintiffs Hegge and Mickens filed a response to the Court's order. Dkt. 57. On June 2, 2020, plaintiffs Mickens, Hegge, Ziegler, Gentzler, Gavie, Burr, Hegre, Gilbert, Shade, Peralta, Moore, Champaco, Demaray, Nelson, Clark, Maiden, and Fisher filed a

1  response. Dkt. 58 (this pleading was also signed by two non-parties, Richie and Skyberg). The
2  two responses are duplicative, thus, the Court will refer to docket entry 58 throughout this report
3  and recommendation.

## DISCUSSION

Plaintiffs seek to proceed as a multi-plaintiff case. Dkt. 1-1, 57, 58. Under Federal Rule of Civil Procedure 20, multiple plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20 (permissive rule). However, pursuant to Rule 21 of the Federal Rules of Civil Procedure a court may, on its own, correct a misjoinder of parties or claims by adding or dropping a party or severing any claim. Fed. R. Civ. P. 21; *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness). The Court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997), *Taddeo v. American Invsco Corp.*, 2012 WL 1947897, at *1 (D. Nev. 2012). A court may not drop a party or sever a claim, however, if a substantial right of the parties would be prejudiced by the severance. *Coughlin*, 130 F.3d. at 1351.

In the April 29, 2020 order, the Court identified numerous practical difficulties which pose challenges to this multi-plaintiff prisoner litigation, all weighing in favor of a recommendation that plaintiffs proceed in separately filed cases. Dkt. 55. First, because all plaintiffs must sign the complaint and future pleadings, plaintiffs are presented a significant logistical burden which would delay resolution of the case. Dkt. 55 at 4 (citing Fed. R. Civ. P.

1  11). The Court also noted that plaintiffs' fact specific claims would require distinct and separate
2  evidence, evaluations, and analyses. *Id.* at 5. Second, plaintiffs would be required to bear the
3  costs of serving each co-plaintiff in this matter. Dkt. 55 at 5 (citing Fed. R. Civ. P. 5; *Claxton*,
4  2011 WL 2533554 at *2; *McKaney*, 2012 WL 681685 at *1). Third, transfer or release from
5  SCCC would moot all personal claims for injunctive relief and would lead to procedural default
6  of pleadings. Dkt. 55 at 5 (citing *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975); *Johnson v.*
7  *Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Claxton v. Ryan*, 2011 WL 2533554 at *2 (D. Ariz.
8  June 27, 2011); *McKaney v. Keeton*, 2012 WL 681685 at *1 (D. Ariz. Feb. 28, 2012)). And
9  lastly, prisoner-plaintiffs proceeding together in one action must each still pay the filing fee. Dkt.
10 55 at 6 (citing *Boriboune v. Berge,* 391 F.3d 852, 854–56 (7th Cir. 2004); *Hubbard v. Haley,* 262
11 F.3d 1194, 1196–98 (11th Cir. 2001)). The Court noted that if plaintiffs proceeded in separate
12 cases, they could still coordinate their legal efforts, Dkt. 55 at 7 (citing *Osterloth v. Hopwood*,
13 2006 WL 3337505, at *4 (D. Mont. Nov. 15, 2006)) and that the Court could order consolidation
14 of some or even all the cases at a later stage in the proceedings. Dkt. 55 at 7 (citing Fed. R. Civ.
15 P. 42(a)). Based on the foregoing, the Court offered plaintiffs an opportunity to respond to the
16 order and demonstrate why all but the first named plaintiff (Mickens) should not be dismissed
17 without prejudice. Dkt. 55.
18       Sixteen plaintiffs, Robert Thiery, Jonathon Reno, Russel Clark, James Townsend, Chris
19 Cardinale, Nathan Kimbrell, Daniel Griffin, Jacob Harrison, Ray Stillwagon, Jimmie Hartfield,
20 Zachary Hochstetler, Troy Fisher, Kenneth Etheredge, Frank Dolan, David Fisher, and Guy
21 Ralph failed to file a response, and the Court recommends dismissing these 16 plaintiffs without
22 prejudice for failure to prosecute. Plaintiff Cabrera filed a "notice of declination to participate."
23 Dkt. 46. In a docket entry dated June 3, 2020, plaintiff Edwards indicated via phone that he
24

intended to withdraw from this action and would be mailing a request for termination. *See* docket entry dated June 3, 2020. The Court has not yet received plaintiff Edwards' written withdrawal. *See* Dkt. The Court recommends dismissing plaintiffs Edwards and Cabrera without prejudice. The two non-parties, William Richie and Andrew Skyberg, who also signed the response are not named plaintiffs in this matter.

As to the 16 plaintiffs who did file a response, Rory Mickens, Steven Burr, Brian Champaco, Jacob Clark, Randy Demaray, Eugene Garvie, Ryan Gentzler, Thomas Gilbert, Alvin Hegge, Josh Hegre, Darrin Maiden, Joseph Moore, Pat Nelson, Sergio Peralta, Christopher Shade and Jeffrey Scott Ziegler, the Court finds that these plaintiffs have failed to demonstrate why all but the first named plaintiff (Mickens) should not be dismissed. Despite an opportunity to show cause, plaintiffs have been unable to show how a substantial right of the parties would be prejudiced by the severance. *See Coughlin*, 130 F.3d. at 1351.

Under the same legal principles discussed in the Court's April 29, 2020 order, *see* Dkt. 55, the Court finds that a multi-plaintiff case would result in unfairness to plaintiffs, defendants, and the Court's interests of judicial economy and efficient case and docket management. Rather than reiterating the reasons that management of multi-plaintiff litigation presents a significant burden on the Court and the parties, the Court now focuses on the arguments raised in plaintiffs' response. *See* Dkt. 55, 58.

In their response, plaintiffs' primary argument is that they are unable to assist one another with their legal documents if they do not proceed in a multi-plaintiff case. Dkt. 58 at 4-9. As the Court previously advised plaintiffs, *see* Dkt. 55 at 3, while *pro se* plaintiffs may appear on their *own* behalf, they may not appear as attorneys for others and none of the named plaintiffs are attorneys. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity*

REPORT AND RECOMMENDATION: - 5

1  *Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). In addition, each plaintiff must sign
2  each filing submitted because plaintiffs are not permitted to engage in the unauthorized practice
3  of law by signing on behalf of each other. *See* Dkt. 55 at 3-4 (citing Fed. R. Civ. P. 11 and 23;
4  *McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to
5  appear as an attorney for other persons in a purported class action); *Abel v. Alameda Cty.,* 2007
6  WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) ("Pro se prisoner plaintiffs may not bring class
7  actions.")).

8        Further, proceeding in separate cases does not prevent plaintiffs from coordinating their
9  litigation efforts to the extent their incarceration allows them to communicate and share
10 documents. *See Osterloth*, 2006 WL 3337505 at *4.  While there may be limitations on where
11 and when plaintiffs can possess other prisoners' legal documents, plaintiffs have not shown that
12 they are completely prohibited from doing so. Moreover, to the extent that some plaintiffs argue
13 that they have disabilities preventing them from effectively litigating this case, they may seek the
14 appointment of counsel based on their individual circumstances once proceeding a in separately
15 filed case.

16       Plaintiffs also argue that the undersigned lacks jurisdiction over this matter because
17 defendants have not yet been served, the Court's order is unlawful and unconstitutional, and
18 there is an "appearance of impropriety". Dkt. 58 at 8-9, 11, 16. Plaintiffs' response and
19 arguments are not well-founded. First, while plaintiffs clearly disagree with the undersigned's
20 order, the undersigned has not taken any actions in this matter that are beyond its jurisdiction
21 such as entering final judgment on behalf of the district court. *See* 28 U.S.C. § 636. Further,
22 plaintiffs have not filed a motion to recuse, nor would plaintiffs' claim of impropriety be arising
23 from an adverse judicial decision support recusal. *See United States v. Studley*, 783 F.2d 934,
24

1   939 (9th Cir. 1986)  ("[A] judge's prior adverse ruling is not sufficient cause for recusal.");

2   *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never

3   constitute a valid basis for a bias or partiality motion."). Rather, the undersigned's order was

4   legitimately aimed at discovering whether plaintiffs would be prejudiced by proceeding in

5   separately filed cases. *See* Dkt. 55. And even assuming without deciding that the undersigned's

6   order was entered in error, opposition to an adverse decision should be raised through a motion,

7   objections, or an appeal, not through a response to the Court's order.

8          To the extent that plaintiffs argue that defendants would be required to defend, and the

9   Court would be faced with, the logistics of multiple jury trials, the Court could order

10  consolidation of the cases, under appropriate circumstances, in order to make discovery,

11  dispositive motions and trial more efficient for the parties and the Court at a later stage in these

12  proceedings. *See* Dkt. 55 at 7 (citing Fed. R. Civ. P. 42(a)).  Moreover, plaintiffs fail to allege

13  any facts demonstrating why the fact-specific nature of each plaintiff's claims and analysis of

14  any resulting constitutional injury would not cause delay and confusion in the resolution of this

15  matter at this stage in the proceedings *See* Dkt. 58. Rather, as the Court previously indicated,

16  plaintiffs' individual claims involve independent factual allegations which would require

17  separate and distinct evidence, evaluations, and analyses. *See* Dkt. 1-1; Dkt. 55 at 5.

18         Next, contrary to the Court's order, plaintiffs ask that the Court "proportion the single

19  filing fee for this action among each of the [p]laintiffs[.]" Dkt. 58 at 17 (citing *Adkins v. Dupont

20  Co.,* 335 U.S. 331 (1948)). However, joinder does not affect each plaintiff's *in forma pauperis*

21  status or his obligation to pay his own filing fee through installment payments. In other words,

22  each plaintiff remains responsible for the filing fee. *See e.g., Boriboune v. Berge,* 391 F.3d 852,

23  854–56 (7th Cir. 2004); *Hubbard v. Haley,* 262 F.3d 1194, 1196–98 (11th Cir. 2001).  In

24

REPORT AND RECOMMENDATION: - 7

1 | addition, with respect to litigation costs, plaintiffs have not demonstrated, and there is nothing
2 | before the Court to suggest, that each plaintiff could pay for postage and copying costs of filing
3 | any motion, brief, or other papers on all other plaintiffs. *See* Fed. R. Civ. P. 5 (Each submission
4 | to the court must be served on all other co-plaintiffs in the same action.); Dkt. 55; *See also*
5 | *Claxton*, 2011 WL 2533554 at *2; *McKaney*, 2012 WL 681685 at *1.

6 | And finally, plaintiffs fail to address the fact that only 16 of the named plaintiffs (and two
7 | other individuals who are not named as plaintiffs in this matter) signed the response to the
8 | Court's order or the fact that several plaintiffs have been transferred or released. *See* Dkt. 55, 58.
9 | Pursuant to Rule 11 (a), every pleading "must be signed ... by a party personally if the party is
10 | unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the
11 | omission is promptly corrected after being called to the ... party's attention." *Id.* Proceeding in
12 | separate cases will prevent this type of deficiency caused by one plaintiff, from adversely
13 | impacting the rights of the other plaintiffs. It will also prevent delays in order to accommodate
14 | the difficulties inherent in arranging for over 30 prisoner-plaintiffs to coordinate and sign their
15 | pleadings. *See Osterloth,* 2006 WL 3337505 at *4; *Claxton*, 2011 WL 2533554 at *2; *McKaney*,
16 | 2012 WL 681685 at *1.

17 | Accordingly, the Court concludes that plaintiffs' Rory Mickens, Steven Burr, Brian
18 | Champaco, Jacob Clark, Randy Demaray, Eugene Garvie, Ryan Gentzler, Thomas Gilbert, Alvin
19 | Hegge, Josh Hegre, Darrin Maiden, Joseph Moore, Pat Nelson, Sergio Peralta, Christopher
20 | Shade and Jeffrey Scott Ziegler showing in response to the Court's order is deficient. Plaintiffs
21 | Rory Mickens, Steven Burr, Brian Champaco, Jacob Clark, Randy Demaray, Eugene Garvie,
22 | Ryan Gentzler, Thomas Gilbert, Alvin Hegge, Josh Hegre, Darrin Maiden, Joseph Moore, Pat
23 | Nelson, Sergio Peralta, Christopher Shade and Jeffrey Scott Ziegler have not shown any
24 |

disadvantage or prejudice as a result of proceeding in separate cases. The Court recommends the entry of an order pursuant to Rule 21 of the Federal Rules of Civil Procedure:

1. dismissing all but the first named plaintiff (Mickens) from this matter without prejudice;

2. ordering plaintiff Mickens to file an amended complaint addressing only his individual claims within thirty days of the date of the order, and;

3. ordering all dismissed plaintiffs, if they choose to re-file their claims, to proceed in separate cases, file new complaints which address only their individual claims, and pay a new filing fee or file an application to proceed *in forma pauperis*.

Dated this 17th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge