UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RORY L. MICKENS,

                    Plaintiff,

        v.

JAY INSLEE et al.

                    Defendants.

CASE NO. 3:20-cv-05259-RJB-JRC

ORDER

Before the Court is plaintiff's motion for indigency/appointment of counsel. Dkt. 71. After reviewing the relevant record before this Court, the Court concludes that petitioner is granted *in forma pauperis* status. However, the interests of justice do not require the appointment of counsel at this time. Therefore, the motion is granted-in-part and denied-in-part (Dkt. 71).

1.  **Motion for Indigency/Application to Proceed *In Forma Pauperis ("IFP")***

The Court construes plaintiff's motion, in part, as seeking leave to proceed IFP. *See* Dkt. 71; *see also* Dkt. 1.  Having reviewed plaintiff's motion and application to proceed in forma pauperis does hereby find and ORDER.

(1)     Plaintiff's declaration indicates he is unable to afford the court's filing fee or give security therefore.  Accordingly, plaintiff's application to proceed as a pauper is GRANTED.  As

ORDER - 1

1  set forth below, an initial partial filing fee will be collected, and plaintiff is required to make

2  monthly payments of 20 percent of the preceding month's income credited to his/her account

3  until the full amount of the filing fee is satisfied.

4       (2)    Pursuant to 28 U.S.C. § 1915 and plaintiff's approved application to proceed in

5  forma pauperis, the agency having custody of the above named plaintiff is directed to calculate

6  an initial partial filing fee equal to 20 percent of the greater of -- the average monthly deposits to

7  the prisoner's account or the average monthly balance in the prisoner's account for the 6-month

8  period immediately preceding the date of this Order.  The initial partial filing fee should be

9  forwarded to the court clerk as soon as practicable.

10       Subsequently, if the prisoner's account exceeds $10.00, each month the agency is

11  directed to collect and forward payments equal to 20 percent of the prisoner's preceding month's

12  income credited to the prisoner's account.   In the event that the monthly payment would reduce

13  the prisoner's account below $10.00, the agency should collect and forward only that amount

14  which would reduce the prisoner's account to the $10.00 level.  Please note that this $10.00 limit

15  does not apply to the initial partial filing fee described above.  Finally, the monthly payments

16  should be collected and forwarded to the court until the entire filing fee ($350.00) for this matter

17  has been paid.

18       (3)    The Clerk is directed to send copies of this Order and the Pro Se Instruction Sheet

19  to plaintiff, and a copy of this Order along with a copy of plaintiff's Acknowledgment and

20  Authorization portion of the IFP application to the Prison Litigation Reform Act ("PLRA")

21  contact person, the inmate account manager at the agency having custody of plaintiff.

22

23

24

2.  <u>**ADA Assistance/Appointment of Counsel and Extension**</u>

Plaintiff requests assistance pursuant to the Americans with Disabilities Act ("ADA"), which the Court construes in part as a motion to appoint counsel. Dkt. 71. Plaintiff states he requires assistance as a "disabled person." Dkt. 71. Plaintiff states that he has attention deficit and hyperactivity disorder ("ADHD") and dyslexia. *Id.* Plaintiff states that he no longer has assistance from other prisoners with reading and writing briefs. *Id.* Plaintiff states that he has previously been given reasonable accommodations in a state superior court due to his ADHD and dyslexia. *Id.* Plaintiff also states that the prison facility is on lockdown and he can only "get out" 45 minutes per day. *Id.* Plaintiff states that the law library is closed, and he cannot search for attorneys. *Id.* Plaintiff states that he has been trying to work with Townsend Law PLLC and asks the Court to appoint this law firm to assist him under the ADA. Dkt. 71 at 2.

In support of his motion, plaintiff submits a copy of a decision by the Cowlitz County superior court from March 2020 stating that plaintiff was appointed a volunteer to assist in reading and writing documents related to plaintiff's appeal of his criminal conviction. Dkt. 71 at 7-8. Plaintiff also submits two letters from the Cowlitz County superior court dated May 2020 and July 2020, which indicate that the Washington Department of Corrections ("DOC") is not allowing volunteers to enter into state prisons. *Id.* at 10, 11. The letters state that the state court reached out to several agencies to assist plaintiff, but the agencies are closed or voiced hesitancy to assist because of the ongoing COVID-19 pandemic. *Id.* at 10, 11.  Lastly, plaintiff submits two letters from SCCC stating that as of December 5, 2020, there are more than 85 confirmed cases of COVID-19 at SCCC. *Id.* at 13, 14. The December 5, 2020 letter states that the facility will be moving into restricted movement, which will impact prisoners' ability to attend regularly scheduled programs, call-outs, and services. *Id.* at 14.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

The Court recognizes that plaintiff may have special needs and could use assistance. Nevertheless, the only option for providing any form of assistance to plaintiff is appointing counsel. And plaintiff has not yet met the requirements for such an appointment. Plaintiff has not yet filed an amended complaint pursuant to the Court's order to show cause. Dkt. 66. Once filed, the amended complaint will be subject to screening by the Court. *See* 28 U.S.C. § 1915. Thus, at this early stage, the Court is not able to discern whether plaintiff's amended complaint presents a claim that is cognizable under § 1983 or plaintiff's likelihood of success. At present, the facts and legal issues do not appear unusually complex such that plaintiff could not articulate his claims *pro se*. Further, plaintiff has successfully moved for multiple extensions in this matter and has articulated his requests sufficiently to indicate that he does not presently require the appointment of counsel. *See* Dkt. 67, 68, 69. Therefore, plaintiff's request for the appointment of counsel is denied as premature and without prejudice.

1    To the extent that plaintiff is challenging his lack of ADA accommodations, plaintiff may

2    raise these issues as a separate claim in his amended complaint. *See e.g.* 42 U.S.C. § 12132 (Title

3    II of the ADA provides that "no qualified individual with a disability shall, by reason of such

4    disability, be excluded from participation in or be denied the benefits of the services, programs,

5    or activities of a public entity, or be subject to discrimination by such entity."); *Pennsylvania*

6    *Dep't of Corr. v. Yeskey,* 524 U.S. 206, 208-13 (1998) (Title II applies to the services, programs,

7    and activities provided for inmates by jails and prisons.); *Simmons v. Navajo Cnty.,* 609 F.3d

8    1011, 1021-22 (9th Cir. 2010); *Pierce v. Cnty. of Orange,* 526 F.3d 1190, 1214-15 (9th Cir.

9    2008).

10    In the alternative, plaintiff seeks an extension to find an attorney and file his amended

11    complaint. Finding good cause, his request is granted. Plaintiff may file a response to the Court's

12    order on or before February 20, 2021.

13    Dated this 13th day of January, 2021.

14

15

16

17    J. Richard Creatura
      United States Magistrate Judge

18

19

20

21

22

23

24

ORDER - 5