UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RORY L. MICKENS,<br><br>        Plaintiff,<br><br>  v.<br><br>JAY INSLEE, et. al.,<br><br>        Defendants. | CASE NO. 20-5259 RJB<br><br>ORDER ON MOTION FOR EXTENSION FOR TIME AND VARIOUS OTHER MOTIONS |

  THIS MATTER comes before the Court on the Plaintiff's "Extention [sic] of Time Appealing Dismissing of Case due to Heardship [sic] of COVIT [sic] and Transfer to a New Location without Legal Work or Law Library" (Dkt. 81), which should be construed as a motion for extension of time to file objections to the Report and Recommendation, and on the Plaintiff's "1. Motion to Amend Complaint, 2. Appointment of Counsel, 3. ADA Provider Assistance, 4. Consolidate Case #3:20-cv-05325-RAJ-DWC to 20-5259-RJB" (Dkt. 82). The Court has considered the pleadings filed regarding the motions and the remaining record.

ORDER ON MOTION FOR EXTENSION FOR TIME AND VARIOUS OTHER MOTIONS - 1

1       On March 17, 2020, over 30 *pro se* prisoners filed this case, asserting various violations of their constitutional rights. Dkt. 1. On April 29, 2020, the Plaintiffs were ordered to show cause, if any they had, why the case should not be separated into individual cases. Dkt. 55. Only around 16 Plaintiffs responded to the order to show cause (along with two non-party prisoners who also signed the response). Dkt. 58. On August 3, 2020, the undersigned adopted the Report and Recommendation which recommended that all parties except the first named Plaintiff, Rory Mickens, be dismissed without prejudice to refile their cases, if they choose. Dkt. 65. Plaintiff Mickens was ordered to file an amended complaint addressing only his individual claims if he wished to proceed with the case. *Id.* The case was re-referred to Judge Creatura. *Id.*

        On December 11, 2020, the Plaintiff moved for assistance with his case under the Americans with Disabilities Act ("ADA") which was construed as a motion for appointment of counsel. Dkts. 71 and 72. The motion for appointment of counsel was denied on January 13, 2021. Dkt. 72. That order noted that "[t]o the extent that Plaintiff is challenging his lack of ADA accommodations, Plaintiff may raise these issues as a separate claim in his amended complaint," which he still had not filed. *Id.*

        On January 13, 2021, the magistrate judge granted the Plaintiff's application to proceed *informa pauperis* ("IFP") (Dkt. 72); that same day, that order was vacated when the court realized the Plaintiff did not complete the application because he did not sign the Acknowledgement and Authorization form ("A&A form") (Dkt. 73). The Plaintiff was ordered to complete the IFP application by submitting the A&A form on or before February 20, 2021 or face dismissal of his case without prejudice for failure to prosecute the case. Dkt. 73. A copy of the A&A form was sent to the Plaintiff. Dkt. 73-1.

On January 26, 2021, the Plaintiff appealed the order denying his motion for appointment of counsel to the undersigned. Dkt. 75. His appeal was denied on February 3, 2021. Dkt. 76. The case was re-referred to Judge Creatura. *Id.*

On March 3, 3021, a Report and Recommendation (Dkt. 77) was issued, recommending that the Plaintiff's application to proceed *in forma pauperis* should be denied as moot, and the case dismissed without prejudice for failure to prosecute. As stated in the Report and Recommendation, the Plaintiff failed to respond to the Court's orders. He failed to complete his application to proceed *in forma pauperis* or pay the filing fee, or file a proposed amended complaint which states a claim for relief. The Plaintiff did not file objections to the Report and Recommendation. The Report and Recommendation was adopted on April 5, 2021 and the case dismissed without prejudice. Dkt. 78. Judgement was entered on April 5, 2021. Dkt. 79.

On April 6, 2021, the order adopting the Report and Recommendation was returned to the court as "undeliverable" because the Plaintiff moved from Stafford Creek Corrections Center to Cedar Creek Corrections Center. Dkt. 80. A copy of the order was resent to the Plaintiff at Cedar Creek Corrections Center. *Id.*

On April 15, 2021, the Plaintiff filed the pleading that should be construed as a motion for extension of time to file objections to the Report and Recommendation. Dkt. 81. In that motion, the Plaintiff states that he had COVID-19 and was sick in isolation for 21 days (or 23 days), has been moved from one institution to another, and does not have any of his legal paperwork or access to assistance at the law library. *Id.* He again requests appointment of counsel due to his disabilities under "ADA." *Id.*

On April 19, 2021, the Plaintiff filed his "1. Motion to Amend Complaint, 2. Appointment of Counsel, 3. ADA provider Assistance, 4. Consolidate Case #3:20-cv-05325-

ORDER ON MOTION FOR EXTENSION FOR TIME AND VARIOUS OTHER MOTIONS - 3

RAJ-DWC to 20-5259-RJB." Dkt. 82.  In this pleading, the Plaintiff contends that his prison transfer was retaliation, he does not have sufficient money to pay for his medical and grievance records from the Department of Corrections, and again seeks appointment of counsel.  *Id.*  He asserts that he needs an "ADA assistant" and has not been given one.  *Id.*  He moves for consolidation of this civil rights case with his habeas corpus case, *Mickens v. Haynes,* Western District of Washington case number 3:20-cv-05325-RAJ-DWC, brought pursuant to 28 U.S.C. §2254.  *Id.*

This opinion will first address the Plaintiff's motion for extension of time to file objections to the Report and Recommendation, then his motion for appointment of counsel, discuss his various request for specific statutory relief in the context of his motion to file an amended complaint, and conclude with the Plaintiff's motion to consolidate.

## DISCUSSION

**Motion for Extension of Time to File Objections**.  Pursuant to Fed. R. Civ. P. 6(b)(1), for good cause, the court may extend a deadline "after the time has expired if the party failed to act because of excusable neglect."

The Plaintiff has stated sufficient good cause and excusable neglect for failing to file objections to the Report and Recommendation.  Accordingly, to the extent that he moves for an extension of time to file objections, his motion (Dkt. 81) should be granted and he should be given until **May 14, 2021** to file objections to the Report and Recommendation.  The Court shall reconsider the Report and Recommendations in light of the Plaintiff's objections, if any, on that date.

**Motion for Appointment of Counsel**.  Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel.  Under Section 1915, the

court may appoint counsel in exceptional circumstances.  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the plaintiff to articulate the claims pro se in light of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff has not shown exceptional circumstance require appointment of counsel under § 1915(e)(1).  Plaintiff's success on the merits is an open question.  He has not yet filed proposed amended complaint or completed his application to proceed IFP.  He can articulate his positions adequately and raise issues to the court.  His motion for appointment of counsel should be denied without prejudice.

**Motion to File Amended Complaint**.  The Plaintiff's motion to file an amended complaint (Dkt. 82) should be denied as moot.  The Plaintiff has already been directed to file a proposed amended complaint.  He does not need further court permission to do so.  To the extent that he attempts to raise substantive issues in his current pleadings, like asserting that his prison transfer was retaliation or that he has been denied an aide to which he is entitled under the ADA, no action should be taken.  There is no operative complaint for the Plaintiff at this time.

**Motion to Consolidate**.  The Plaintiff's motion to consolidate this civil rights case with his habeas corpus case, *Mickens v. Haynes,* Western District of Washington case number 3:20-cv-05325-RAJ-DWC, should be denied.  The cases are unrelated.

**ACCORDINGLY, IT IS ORDERED THAT:**

- The Plaintiff's motion for an extension of time to file objections to the Report and Recommendation (Dkt. 81) **IS GRANTED**;

- The Plaintiff's objections, if any, to the Report and Recommendation **ARE DUE** by **May 14, 2021**;
- The Plaintiff's motion to appoint counsel (Dkt. 82) **IS DENIED WITHOUT PREJUDICE**;
- The Plaintiff's motion to amend complaint (Dkt. 82) **IS DENIED AS MOOT**, the Plaintiff is already under a court order to file a proposed amended complaint;
- The Plaintiff's motion to consolidate case this case with his habeas corpus case, *Mickens v. Haynes,* Western District of Washington case number 3:20-cv-05325-RAJ-DWC (Dkt. 82) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge J. Richard Creatura, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of April, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR EXTENSION FOR TIME AND VARIOUS OTHER MOTIONS - 6